# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GINA VINCENT, Individually and as Personal
Representative of the Estate of James Vincent,
deceased,

          Plaintiff,

    v.                                                    Case No. 08-C-572

OMNIFLIGHT HELICOPTERS, INC.; DOE
INSURANCE COMPANY #1; AMERICAN
EUROCOPTER, LLC f/k/a AMERICAN
EUROCOPTER CORPORATION; and DOE
INSURANCE COMPANY #2,

          Defendants.

## ORDER GRANTING MOTION FOR ENTRY
## OF A STIPULATED PROTECTIVE ORDER

      This matter is before me as defendant American Eurocopter LLC moved for entry of a stipulated protective order. The parties have agreed that pretrial discovery may contain "trade secrets, confidential commercial information and other protected and/or sensitive matters . . . ." (Doc. # 29-3 at 1.) The parties are seeking to protect such information from unnecessary public release. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the Court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny. The protective order adopting their stipulation will therefore be entered, but with the following proviso.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GINA VINCENT, Individually and as Personal
Representative of the Estate of James Vincent,
deceased,

      Plaintiff,

  v.                                    Case No. 08-C-572

OMNIFLIGHT HELICOPTERS, INC.; DOE
INSURANCE COMPANY #1; AMERICAN
EUROCOPTER, LLC f/k/a AMERICAN
EUROCOPTER CORPORATION; and DOE
INSURANCE COMPANY #2,

      Defendants.

## ORDER GRANTING MOTION FOR ENTRY
## OF A STIPULATED PROTECTIVE ORDER

      This matter is before me as defendant American Eurocopter LLC moved for entry of a stipulated protective order. The parties have agreed that pretrial discovery may contain "trade secrets, confidential commercial information and other protected and/or sensitive matters . . . ." (Doc. # 29-3 at 1.) The parties are seeking to protect such information from unnecessary public release. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the Court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny. The protective order adopting their stipulation will therefore be entered, but with the following proviso.

The parties should understand that there are no guarantees that documents they designate "confidential", once made a part of the record before the Court, will remain confidential and maintained under seal. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567. For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under their stipulation and, to the extent necessary to reveal the court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause.[1] Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. S*ee Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984).

---

[1]The stipulation contemplates that filings made with the Court under seal containing confidential information will contain the following notation: "CONFIDENTIAL–SUBJECT TO AGREEMENT REGARDING NONDISCLOSURE AND CONFIDENTIAL INFORMATION AND DOCUMENTS: TO BE OPENED ONLY BY THE COURT FOR ITS REVIEW AND TO THEN BE RESEALED." (Doc. # 29-3 at 4.)

Subject to this proviso, the Stipulated Protective Order submitted by the parties is hereby adopted by the Court.

**SO ORDERED** this   24th   day of February, 2009.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge