# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GINA VINCENT, Individually and as Personal
Representative of the Estate of James Vincent,

        Plaintiff,

    v.                                       Case No. 08-C-572

OMNIFLIGHT HELICOPTERS INC., *et al*,

        Defendants,

    and

AMERICAN EUROCOPTER LLC,

        Defendant and Third-Party Plaintiff.

## ORDER

      Plaintiff Gina Vincent filed an action against Defendants in Brown County Circuit Court, advancing claims of strict product liability, negligence and breach of warranty relating to a helicopter crash in which her husband perished. Defendant Omniflight Helicopters, Inc. removed the case to this court. Before me now is Plaintiff's Civil L.R. 7.4 expedited motion to amend the pleadings under Rule 15 of the Federal Rules of Civil Procedure, which Defendant American Eurocopter LLC ("AE") opposes.

      Plaintiff seeks leave of the court to file an amended complaint to add West Bend Mutual Insurance Company as an involuntary plaintiff based upon its potential rights of subrogation. She also would add Eurocopter Germany GMBH ("ECG"), Eurocopter Canada, Ltd. ("ECL"),

Helicopter Specialties, Inc., and their insurers as defendants. Plaintiff believes that Helicopter Specialties, Inc. maintained the helicopter at one point, while ECG and ECL were somehow involved with the tail rotor pedal cover used in the helicopter.

Defendant AE argues that the motion should be denied, as it asserts Plaintiff could have named the additional parties in the original complaint, it would be unduly prejudiced if leave to amend were granted and there is no apparent basis of liability against ECG or ECL. AE observes that ECG and ECL are foreign entities, which it contends will make effecting service difficult and could involve foreign statutes of limitations. (Def.'s Br. in Opp. at 2.)

Leave to amend should be "freely given," Fed. R. Civ. P. 15(a), absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). There is no indication that Plaintiff has acted with a dilatory motive or bad faith, or that she is attempting to cause undue delay. Nor is there reason to believe that the amendment would result in prejudice to the Defendants. Plaintiff claims that only after discovery began in this action did she learn information regarding the entities she moves to have added as defendants.

I will grant Plaintiff leave to amend the complaint. If such leave were not granted, Plaintiff would likely file a separate action naming the additional parties as defendants. This would not be in the interest of judicial economy and inconsistent with "the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Though this matter is still in the pleadings stage, AE argues that Plaintiff cannot connect the dots on a theory of liability involving ECG and ECL. AE's concern is that Plaintiff's claims against

2

ECG and ECL are baseless. While it is true that it is not an abuse of discretion to deny leave to file an amended complaint for "failing to state a valid theory of liability," *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994) (citing *Verhein v. South Bend Lathe, Inc.*, 598 F.2d 1061, 1063 (7th Cir. 1979)), I cannot conclude based upon what is before me that Plaintiff has failed to identify a viable theory of liability. The court is confident that counsel appreciates the requirements of Rule 11(b) and that Plaintiff bore them in mind when drafting the amended complaint. Upon fuller discovery and the opportunity to file dispositive motions, should any claims appear baseless as this case progresses, the matter may be addressed at that time.

**THEREFORE IT IS ORDERED** that the Plaintiff's motion for leave to amend the complaint is **GRANTED**. The Clerk is directed to file the proposed amended complaint.

Dated this ___19th___ day of March, 2009.


 s/ William C. Griesbach
William C. Griesbach
United States District Judge

3